QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Dale H. Oliver (Bar No. 155467)
Michael Williams (Bar No. 181299)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 624-7707
Facsimile:  (213) 624-0643

Jennifer A. Kash (Bar No. 203679)
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile:  (415) 875-6700

Attorneys for Plaintiff
DIRECTV, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIRECTV, INC., a California corporation, | CASE NO. CV-04-03624 MMC |
| Plaintiff, | [~~PROPOSED~~] ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST ROBERT LINDSEY |
| v. | |
| ROBERT LINDSEY, | |
| Defendant. | |

THIS MATTER comes before the Court upon Plaintiff DIRECTV, Inc.'s Application for Entry of Default Judgment and Permanent Injunction against Defendant Robert Lindsey, pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court, having reviewed ~~the parties'~~ plaintiff's submissions and the reports and files herein, and being fully advised, hereby makes the following preliminary findings:

  1.  Defendant Robert Lindsey was properly served in this action.

  2.  The Court has personal jurisdiction over the defendant pursuant to California Code of Civil Procedure § 410.10. The Court finds, upon the record presented, that the defendant was at the time relevant herein a resident of the State of California.

1  3.   The Court further finds that the exercise of personal jurisdiction over the
2  defendant is reasonable and comports with federal and state constitutional requirements.

4  NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

5  1.   Pursuant to Federal Rule of Civil Procedure 55(b)(2), a default judgment is
6  hereby entered against Defendant Robert Lindsey as to each claim in the Complaint for
7  Compensatory, Statutory and Other Damages, and for Injunctive Relief.

8  2.   Plaintiff DIRECTV, Inc. ("DIRECTV") is a "person aggrieved" and a
9  "party aggrieved" within the meaning of 47 U.S.C. § 605(d)(6) and (e)(3)(C)(i).

10 3.   Based on the evidence presented, the Court finds that Defendant Robert
11 Lindsey distributed and sold Pirate Access Devices, knowing or having reason to know that such
12 products were primarily of assistance in the unauthorized reception and decryption of
13 DIRECTV's satellite transmissions of television programming, in violation of Section 605(e)(4)
14 of the Communications Act of 1934, as amended, 47 U.S.C. § 605(e)(4).

15 4.   Based on the evidence presented, the Court finds that Defendant Robert
16 Lindsey assisted, aided and abetted other persons in receiving and decrypting DIRECTV's
17 satellite transmissions of television programming without authorization by or payment to
18 DIRECTV, in violation of Section 605(a) of the Communications Act of 1934, as amended, 47
19 U.S.C. § 605(a). The Court further finds, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), that
20 Defendant Robert Lindsey violated 47 U.S.C. § 605(a) willfully and for purposes of direct or
21 indirect commercial advantage or private financial gain.

22 5.   Pursuant to 47 U.S.C. § 605(e)(3)(C)(i), Defendant Robert Lindsey is
23 ordered to pay to plaintiff DIRECTV the sum of $210,000.00 in statutory damages resulting from
24 defendant's violations of 47 U.S.C. § 605(a) and (e)(4).

25 6.   Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), Defendant Robert Lindsey is
26 ordered to pay to plaintiff DIRECTV the sum of $2,495.~~090~~ representing attorneys' fees and
27 costs incurred by DIRECTV in this action.

28

7. Pursuant to 47 U.S.C. § 605(e)(3)(B)(i), Defendant Robert Lindsey is ordered to surrender or return to DIRECTV all devices designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming.

8. Pursuant to 47 U.S.C. § 605(e)(3)(B)(i), Defendant Robert Lindsey, and any persons or entities controlled directly or indirectly by him, are permanently enjoined and restrained from:

    (1) receiving or assisting others in receiving DIRECT's satellite transmissions of television programming without authorization by and payment to DIRECTV;

    (2) manufacturing, assembling, modifying, importing, exporting, distributing or selling devices designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming; and

    (3) advertising the sale of devices designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, or from advertising or providing information or technical services in support thereof.

DATE: April 22, 2005

/s/ Maxine M. Chesney
The Honorable Maxine M. Chesney
United States District Court Judge